BENJAMIN D. PRITCHARD ET AL. v. THE KALAMAZOO COLLEGE ET AL.

*Mortgage—Assignment—Merger—Redemption—Recording laws.*

A land-owner, after mortgaging his land, sold it, taking back a purchase-price mortgage, payable in four installments, one of which he assigned. His grantee mortgaged the land to the *first* mortgagee, and then redeeded it to the grantor, who soon after executed a *new* mortgage to the *first* mortgagee in lieu of the two mortgages, which were discharged. At *this* time the assignment had not been recorded, and the *first* mortgagee had no notice of its existence, but the purchase-price mortgage was of record and undischarged. After the recording of the assignment, the *first* mortgagee foreclosed the *new* mortgage, but did not make the assignee a party, who filed a bill to foreclose his interest under the assignment. And it is held that, by failing to record the assignment, the *new* mortgage took priority over the installment assigned, but that, as the assignment was recorded before the commencement of the foreclosure suit, and the assignee was not made a party, his bill will be treated as a bill to redeem, which he will be allowed to do by paying the amount due the *first* mortgagee on the *new* mortgage, and a decree will be entered in his favor for the redemption money, and for the amount of his installment, under which he may sell the land to satisfy said claims.

Appeal from Van Buren. (Buck, J.) Submitted on briefs June 25, 1890. Decided October 31, 1890.

Bill to foreclose a mortgage. Complainants appeal. Reversed. The facts are stated in the opinion.

*Padgham & Padgham,* for complainants, contended:

1. The doctrine of merger does not apply, because the *entire* mortgage interest and the equity of redemption did not meet in the same person; citing *Campbell v. Vedder,* 3 Keyes, 174; *Purdy v. Huntington,* 42 N. Y. 334; *Cooper v. Bigly,* 13 Mich. 463; 1 Jones, Mortg. § 474.

2. Our recording laws (How. Stat. §§ 5683, 5687–5689) are substantially the same as those of New York, in which state it has been held that, as against subsequent purchasers or incumbrancers, the record of the prior mortgage is sufficient notice of its existance, and that it is not blotted out by the failure to record the assignment (citing the authorities above cited); under which the effect of taking the new mortgage and discharging the prior ones was to give the assigned installment priority; citing *Banta v. Garmo,* 1 Sandf. Ch. 383; *Bruse v. Nelson,* 35 Iowa, 157.

3. The failure of complainant trustee to record his assignment does not deprive him of any rights secured thereunder, the only effect of such record being to protect the assignee from a subsequent sale or assignment of the *same* mortgage; citing *Gillig v. Maass,* 28 N. Y. 191; *Purdy v. Huntington,* 42 Id. 334; *Greene v. Warnick,* 64 Id. 227.

*Howard & Roos,* for defendant Kalamazoo College, contended:

1. How. Stat. § 5683, applies to mortgages and assignments thereof, as held in *Burns v. Berry,* 42 Mich. 179; and this Court has also held that if the assignee fails to record his assignment, or give the mortgagor notice of it, payment to the assignor will be a satisfaction of the mortgage; citing *McCabe v. Farnsworth,* 27 Mich. 52.

2. Upon the admitted facts in this case, the most that complainant can ask would be to have all the parties placed *in statu quo;* citing *French v. DeBow,* 38 Mich. 708; *Bruse v. Nelson,* 35 Iowa, 157; *Shaver v. Williams,* 87 Ill. 469.

LONG, J. The bill in this cause was filed in the circuit court for Van Buren county in chancery to foreclose a certain mortgage therein mentioned. The cause was

put at issue by filing general replication, and was heard in the court below under the following stipulated facts:

"In this cause it is stipulated and agreed by the complainants and the defendant the Kalamazoo College by this, their stipulation, that the following statement of facts shall be deemed and considered to be the testimony in this suit:

"1. That on the 17th day of June, A. D. 1872, Ingram E. Eaton owned and was seized of the land described in the bill of complaint in this cause.

"2. That on the 17th day of June, A. D. 1872, Ingram E. Eaton executed and delivered to the defendant the Kalamazoo College a mortgage covering said land to secure the payment of the sum of $2,000, and interest, for money loaned to him on that day, which mortgage was duly recorded in the register's office for Van Buren county, June 21, 1872.

"3. That on the 10th day of September, A. D. 1874, said Eaton sold and conveyed said land by deed of conveyance to one Peter Van Alstyne; and on the same day said Van Alstyne executed and delivered to said Eaton a mortgage upon the same land to secure the payment of the sum of $4,000 in installments evidenced by four notes, the first of which was for the sum of $1,000 bearing same date. A certified copy of the record of said mortgage is hereto annexed and made a part of this stipulation, which mortgage was recorded April 7, 1875, at 7 o'clock P. M.

"4. That on the 27th day of February, A. D. 1875, said Ingram E. Eaton assigned said first note of $1,000 and said mortgage to Benjamin D. Pritchard, the complainant, in trust, a copy of which assignment is hereto annexed and made a part of this stipulation, and was recorded in the register's office of Van Buren county, November 16, A. D. 1881, in liber 24, at page 418.

"5. That on the 8th day of March, A. D. 1875, said Peter Van Alstyne executed and delivered a mortgage upon said land to the defendant the Kalamazoo College to secure the payment of the sum of $600, and interest, for money loaned him on that day, which mortgage was recorded in the office of the register of deeds in Van Buren county on the 7th day of April, A. D. 1875, a certified copy of the record of which mortgage is hereto attached and made a part of this stipulation. Recorded in liber 10, at page 296.

"6. That on the 27th day of November, A. D. 1875, said Van Alstyne reconveyed said land to said Ingram E. Eaton by deed bearing said date, and recorded in said register's office, in liber 43, at page 292, on the 3d day of June, A. D. 1876, a copy of which deed is hereto annexed and made a part of this stipulation.

"7. That said Eaton, on the 1st day of June, A. D. 1876, exe-

cuted and delivered to said Kalamazoo College a mortgage upon said land to secure the payment of the sum of $3,200 and interest, which mortgage was made up of and included the said $2,000 mortgage, and the said $600 mortgage, and accrued interest upon both, and was recorded in said register's office on the 3d day of June, A. D. 1876, in liber 7, at page 475, a copy of which mortgage is hereto annexed and made a part of this stipulation.

"8. That on the same day, to wit, the 3d day of June, 1876, the said Kalamazoo College discharged the said $2,000 mortgage, and said $600 mortgage, by discharges recorded in the said register's office in liber 15, at page 426, on the 3d day of June aforesaid.

"9. That on the 15th day of November, A. D. 1883, the said defendant the Kalamazoo College obtained a commissioner's deed of said premises upon the foreclosure of the said $3,200 mortgage, which was recorded in the said register's office on the same day in liber 59, at page 18, and the foreclosure proceedings in said cause were regular, but the complainants in this cause were not made parties thereto.

"10. That on the said day the Kalamazoo College had no knowledge of the assignment of said mortgage and note to Benjamin D. Pritchard, except as appears from the records of deeds and mortgages in Van Buren county.

"11. That there was owing from said Eaton to the several persons named in said assignment the several sums named therein.

"12. That the several statements of facts in the bill of complaint and answer in this cause is admitted to be true, and treated as if proved, except where the same or any part thereof are different or inconsistent with the statements made in this stipulation. Dated May 31, A. D. 1889."

On the hearing in the court below the court dismissed the bill as to the Kalamazoo College. Complainants appeal.

The contention of the defendant the Kalamazoo College is that by Van Alstyne's redeeding the land in question to Eaton, and Eaton having exclusive title of record to this $4,000 mortgage, there was a merger of the mortgage into the greater title of that of the fee, and thereby a legal discharge of the mortgage so far as the Kalamazoo College is concerned. In other words, it is contended on behalf of the college that it is an innocent purchaser for value of the land in question, without notice, actual or constructive, of the complainants' claim, and that, under

the recording statutes of this State, the mortgage of $3,200 given by Eaton is and ought to be considered a prior lien to the complainants' interest in the $4,000 mortgage. The $3,200 mortgage was given June 1, 1876, and was recorded on the third day of the same month. Complainants' assignment was not recorded until November 16, 1881.

The complainants' contention is that at the time the Kalamazoo College took the $3,200 mortgage from Eaton, and discharged its other two mortgages, viz., June 3, 1876, the $4,000 mortgage which had been given to Eaton by Van Alstyne was on record, and one of the notes secured by that mortgage had been assigned to complainant Pritchard in trust; that the reconveyance deed from Van Alstyne to Eaton of November 27, 1875, was also recorded at that date, viz., June 3, 1876; that, by the giving of this deed by Van Alstyne to Eaton, the $4,000 mortgage which Eaton previously held, and a part of which had been assigned by him, did not merge in the greater title, for the reason that, at the time Eaton took the title, he did not hold the whole mortgage,—that is, that $1,000 of it was then in the hands of third parties by virtue of this assignment,—and that complainants could not lose their right of action under this assignment by reason of its not being placed on record,—that is, that the recording laws are not applicable to such a case. It is also contended that the doctrine of merger has no application, as the mortgage interest and equity of redemption did not meet in the same person.

But three questions arise:

1. Did the $4,000 mortgage merge into the better title of Eaton when the deed of conveyance was made by Van Alstyne to him under the circumstances here stated?

2. Did the complainant Pritchard in this case lose his rights under that mortgage because he did not record his assignment of the part of the $4,000 mortgage until after

the time when the Kalamazoo College took the $3,200 mortgage?

3. If the claim of the complainants cannot be asserted so as to deprive the Kalamazoo College of a priority of lien over the $4,000 mortgage, yet, the complainants not having been made parties to the foreclosure by the college of its $3,200 mortgage, can the complainants now insist upon foreclosure and sale of the premises subject to the equitable rights of the college under its mortgage therein?

The court below must have regarded the whole $4,000 as merged in the fee acquired by Eaton under the Van Alstyne deed, as the decree made denied the complainants any rights in the premises under this mortgage.

The situation of the parties as to their respective claims and interests at the time the $3,200 mortgage was taken by the college may be summarized as follows: On June 17, 1872, Ingram E. Eaton owned the premises in question in fee. On that date, he made and delivered to the Kalamazoo College a $2,000 mortgage thereon. On September 10, 1874, Eaton sold and conveyed the premises to Van Alstyne, and on the same date took from Van Alstyne a $4,000 mortgage with four installment notes. On February 27, 1875, Eaton assigned in writing the first of these notes, and the security thereon under the mortgage, to complainant Pritchard. On March 8, 1875, Van Alstyne made and delivered to the Kalamazoo College a $600 mortgage on the same premises. On November 27, 1875, Van Alstyne redeeded the premises to Eaton. On June 3, 1876, Eaton made and delivered the $3,200 mortgage to Kalamazoo College, and the college on the same day discharged the record of its two former mortgages. At this time the assignment made by Eaton to complainant Pritchard of the $1,000 interest in the $4,000 mortgage was not of record, and it is conceded that the college had no notice that any such assignment had ever been made; that is, the college believed that the whole of

the $4,000 mortgage yet remained in Eaton, and, from its conduct in discharging the $2,000 mortgage, it is quite evident that the $4,000 mortgage was regarded as having disappeared in the fee, as the $2,000 had priority of lien over it.   But the $4,000 mortgage yet remained of record, and, so far as this record shows, not discharged or canceled, unless merged in the fee.   This ought to have put the college upon inquiry as to the $4,000 mortgage, and the effect it would have upon its rights if it discharged the $2,000 mortgage, which was prior in point of time, and took a new mortgage of $3,200.   It is quite evident that the defendant college was put upon inquiry by this condition of affairs, and made due inquiry in regard thereto.   By the terms of the stipulation heretofore set out, we are to take the averments in the answer as true. The eighth clause of the answer states:

" And this defendant, further answering, says that on or about the 17th day of June, 1872, at the request of said Ingram E. Eaton, it loaned to said Eaton two thousand dollars in cash, and to secure the same said Eaton gave his note and a mortgage covering the same land which the mortgage sought to be foreclosed in this suit covers, and the said two thousand dollar mortgage was duly recorded in the office of the register of deeds for Van Buren county in liber 7 of Mortgages, on page 356, on the 21st day of June, 1872; and that on the 8th day of March, 1875, said Peter Van Alstyne borrowed of this defendant six hundred dollars in cash, and to secure the same gave his promissory note signed by himself and said Ingram E. Eaton, and also a mortgage for that sum covering the land in question in this suit, which said mortgage was duly recorded in the register's office of Van Buren county on the 7th day of April, 1875, at 4 o'clock P. M.; that at that time said four thousand dollar mortgage, a portion of which is sought to be foreclosed in this suit, was not recorded, and that this defendant had no knowledge of the existence of said mortgage, and that this defendant loaned said money and took said mortgage relying upon the records and the statement of said Eaton and said Van Alstyne that there was no incumbrance upon said land, except the two thousand dollar mortgage already held by this defendant.

" That subsequently and subsequent to the conveyance of said land by said Eaton to said Van Alstyne, and the reconveyance by

82 MICH.—38.

said Van Alstyne to said Eaton, and on or about the 1st day of June, 1876, said Eaton being the owner of said land, and this defendant still holding said two thousand dollar mortgage and said $600 mortgage, upon which said two mortgages there were then due the principal sums, respectively, the accrued interest on the said two mortgages, which, added to the respective principal sums, made the entire sum due upon both said mortgages thirty-two hundred dollars, said Eaton applied to this defendant, and requested it to take a new mortgage for the amount due on said two. thousand dollar mortgage and the said six hundred dollar mortgage, to wit, the sum of thirty-two hundred dollars, in the place of said two thousand dollar mortgage and said six hundred dollar mortgage, and at that time said Eaton represented and stated that said land was free and clear from all incumbrances except said two mortgages held by this defendant; and that this defendant caused the records in the office of the register of deeds to be examined to find out the state of the title, and that said records showed no other mortgage on said land other than the two mortgages held by it; that the said four thousand dollar mortgage given by said Van Alstyne to Eaton, and which was not recorded until after both of the mortgages held by the college aforesaid had been recorded, showed a legal discharge of record by a merger of the mortgage interest in the legal title by a deed from Van Alstyne to Eaton; that the records did not show that Eaton had ever assigned any part of the four thousand dollar mortgage to the complainants or any other person; that no assignment of any portion of the said four thousand dollar mortgage was at that time recorded. It further shows that the first knowledge that it ever had of said assignment from any source was after the commencement of this suit."

I have been thus explicit in stating the circumstances surrounding these transactions, as such circumstances have weight in determining whether this $4,000 mortgage should be regarded in equity as having merged in the fee in Eaton. The rule of the common law is well established, and of almost universal application, that, where a greater and a less legal estate held in the same right meet in the same person without any intermediate estate, a merger necessarily takes place. The rule in equity is that, where the legal estate—for example, the fee—and an equal coextensive equitable estate unite in the same person, the merger takes place in equity, in the absence of acts show-

ing an intention to prevent it, as certainly and as directly as at law. If, therefore, the whole of this $4,000 mortgage had been in Eaton at the time he took the deed from Van Alstyne, it would have merged in the fee and disappeared, as there would not then have been any intervening or intermediate estate to prevent the merger, and there would have been nothing in the circumstances showing any intention to. have these interests kept separate. As appeared by the record, at the time the Kalamazoo College took the $600 mortgage, and at the time when it discharged these two mortgages and took the $3,200 mortgage, this assignment of the $1,000 interest in the $4,000 mortgage to Pritchard had not been recorded. Had this been done it would have been notice to the college that Pritchard held that interest, and that it was not intended to be, and was not in fact, merged in the fee under the deed back to Eaton. The assignment of the $1,000 interest in the mortgage was subsequently put on record, in 1881. The court below was right under these circumstances in holding that the $3,200 mortgage had priority of lien over the $1,000 held by Pritchard.

But the court was in error in refusing any relief to the complainants. The complainants were not made parties to the foreclosure proceedings instituted by the college, though, at the time the proceedings were commenced, the $1,000 interest was of record. While the complainants' bill was filed to foreclose this claimed · interest, yet it may, under the circumstances, be treated as a bill to redeem. The decree of the court below must be set aside, with costs of this Court to complainants, and the cause remanded to the court below, where, upon ascertainment of the amount due to the Kalamazoo College under the $3,200 mortgage, the complainants may redeem therefrom by the payment of the amount due the said Kalamazoo College, and proceed to sell the premises under the decree

there to be entered for the amount due under the $1,000 interest in the $4,000 mortgage, and the amount paid to redeem from the defendant the Kalamazoo College.

The other Justices concurred.